**Peter Hoffman, Plaintiff-Appellee, v. City of Evanston, a Municipal Corporation, Defendant-Appellant.**

**Gen. No. 53,295.**

First District, Fourth Division.

October 30, 1968.

Jack M. Siegel, Corporation Counsel, of Evanston, and Erwin W. Jentsch, Assistant Corporation Counsel, for appellant.

Moses, McGarr, Gibbons, Abramson & Fox, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This interlocutory appeal is taken from an order entered by the Circuit Court of Cook County, granting the plaintiff's prayer that a temporary injunction issue against the defendant, City of Evanston, prohibiting the said City (hereafter referred to as the defendant) from in any way interfering with the plaintiff's operation of his business.

On July 12, 1968, the plaintiff filed his complaint at law for a declaratory judgment, seeking a declaration

that the City of Evanston Zoning Ordinance is invalid, insofar as it prevents the plaintiff from using the subject premises for the outdoor sale of farm produce without first obtaining a special use permit as required by that ordinance, alleging that the said ordinance bears no direct and reasonable relationship to the public health, safety or welfare, and thereby acts to deprive him of his property without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitutions of the United States and of the State of Illinois.

The plaintiff also alleged that his proposed use of the subject premises was in the public interest and convenience, and that the defendant's refusal to grant him a special use permit resulted in irreparable harm and damage because unless he is allowed to open his business this year he will lose his customers to his competitors in villages to the north and west of Evanston. He further sought a temporary and permanent injunction restraining the defendant from preventing him from using the subject premises for the outdoor sale of farm produce without his having first obtained a special use permit.

The defendant filed its answer on July 18, 1968, denying that its action in approving and passing the zoning ordinance in question operated to deny the plaintiff his property without due process of law, and alleged that the passing of the ordinance constituted a valid exercise of its legislative authority in that its zoning powers were exercised reasonably and equitably with the intention of promoting and protecting the public health, safety, comfort and general welfare. The defendant further alleged that the plaintiff's proposed use of the subject property is not in the public interest and convenience, but rather will be injurious to the public health, safety and welfare.

On the same day the trial court, over defendant's objection, ordered that a temporary injunction issue against the defendant, enjoining and restraining it, "its commissions, officers, agents, and employees from in any way

442

interfering with the plaintiff, anyone claiming by, through or under plaintiff from using the premises known as 2526 Gross Point Road, Evanston, Ill. for the purpose of operating an open sales lot and temporary stand for the sale of farm produce to including Sept. 1, 1968." The order was entered on the pleadings and without a hearing. The plaintiff was not required to post any bond or security. The defendant immediately took an interlocutory appeal from that order, and on August 12, 1968, this court entered an order allowing the notice of appeal to operate as a supersedeas, thereby staying the effect of the July 18 order. Consequently, on August 23, 1968, the plaintiff again requested that the trial court issue another temporary injunction against the defendant. The trial court then conducted a preliminary hearing to determine whether or not the plaintiff's request was meritorious.

After hearing all of the evidence, on August 23, 1968, the trial court entered a temporary injunction against the defendant, identical to the order of July 18, 1968, except that its duration was extended to October 31, 1968, to coincide with the termination date of the plaintiff's lease. The court then set a hearing for October 21, 1968, to determine whether a permanent injunction should issue. This temporary injunction was also issued without requiring the plaintiff to post any bond or security. From that order the defendant perfected the instant interlocutory appeal. However, since the order of July 18 expired by its own terms on August 31, 1968, the appeal from that order is now moot and the defendant is now only seeking to reverse the order of August 23, 1968.

In this court the defendant urges that we reverse the order of August 23, 1968, and proceeds on the theories that the trial court erred in issuing the temporary injunction in that the said injunction operated not to maintain the status quo, but rather to change it; that the plaintiff failed to show that there was a high proba-

443

bility that in a final hearing on the merits of the case he would ultimately be entitled to the permanent relief prayed for; that the injury to plaintiff is not great and irreparable; and further, that the plaintiff is estopped from challenging the validity of the zoning ordinance. However, we find it unnecessary to discuss these theories, since we have concluded that the preliminary injunction in question must be dissolved on the basis of a statement in plaintiff's brief, amounting to a confession of error, that the court was without authority to issue the preliminary injunction without bond. See Dear v. Dear, 93 Ill App2d 179, 235 NE2d 158 (abst).

 A preliminary injunction is an extraordinary remedy which usually will issue only when it appears that irreparable harm might be done in the event that the status quo is not maintained pending the disposition of a lawsuit. It is generally employed only in matters of great urgency, and then only with the utmost care and caution. County of DuPage v. Robinette, 77 Ill App2d 167, 221 NE2d 769; Naxon Telesign Corp. v. Selig, 38 Ill App2d 242, 186 NE2d 666. This rule is particularly applicable where, as here, a preliminary injunction is issued without requiring the plaintiff to post bond. The purpose of requiring a bond of plaintiff, where a preliminary injunction is issued, is to allow the plaintiff his temporary relief while at the same time assuring the defendant that in the event the preliminary injunction is later dissolved and damages for the unlawful suing out of the injunction are assessed against the plaintiff, such damages will be paid. Schaefer v. Stephens-Adamson Mfg. Co., 36 Ill App2d 310, 183 NE2d 575. Apparently, recognizing the need for requiring the posting of security in every case where a preliminary injunction is issued, the legislature amended the then existing statute to provide for such a result. Chapter 69, section 9, Illinois Revised Statutes 1965 provides in pertinent part that:

In all other cases, before an injunction may issue, the plaintiff shall give bond in such penalty, upon such condition and with such security as may be required by the court or judge: *Provided, bond need not be required when, for good cause shown, the court or judge is of opinion that the injunction ought to be granted without bond.* (Emphasis supplied.)

In 1967, that statute was amended and that portion of it providing that "bond need not be required when, for good cause shown, the court or judge is of opinion that the injunction ought to be granted without bond" was deleted. Chapter 69, section 9, Illinois Revised Statutes 1967 now provides in pertinent part as follows:

In all other cases, before a restraining order or an injunction may issue, the applicant *shall give bond in such sum, upon such condition and with such security as may be deemed proper by the court or judge,* for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. (Emphasis supplied.)

It seems quite apparent to this court, as it was to the court in Dear v. Dear, supra, that the legislature carefully and deliberately amended chapter 69 of our statutes. As pointed out in Dear,

"The failure of the defendant to have given notice and bond, on the facts presented, should have been a bar to granting his injunctive relief. Section 9 of the Injunction Act (Ill Rev Stats 1967, Ch 69, Sec 9) specifically provides that the moving party give bond upon such conditions and with such security as may be required by the court or judge. Prior to August 7, 1967, this statute contained a proviso

whereby the court, 'for good cause shown,' may grant the injunction without bond, but this proviso was deleted by amendment five days before the filing of the petition below. In any event, a search of the entire record does not disclose any grounds whatsoever for waiving the requirement of a bond, and to have done so on this record was error."

██ It is only reasonable to infer that the legislature intended that the deleted portion of the 1965 Injunction Act should be inoperative. Words are not deleted from statutes if they are still to have effect. In so doing, the legislature has required that before any restraining order or injunction is issued, a bond must be filed with the court. It is no longer within the sound discretion of the trial court to issue a restraining order or injunction for "good cause shown" without requiring the plaintiff to post bond. The filing of bond is now mandatory and no court may properly issue an injunction without requiring it. As stated in 43 CJS, Injunctions, § 166:

"According to the weight of authority, where the statute requires that the party applying for an injunction shall, as a condition precedent to its issuance, execute a bond or undertaking, with sufficient sureties, an injunction issued without such bond or undertaking is inoperative and void; . . ."

█ In the instant case the trial court simply had no authority under our present Injunction Act to issue the preliminary injunction on August 23, 1968, without first requiring the plaintiff to file an appropriate bond. Accordingly, the order of August 23, 1968, must be vacated and the preliminary injunction dissolved.

The judgment of the Circuit Court is reversed.

Reversed.

DRUCKER and ENGLISH, JJ., concur.