AMBER AUTOMOTIVE, INC., Plaintiff-Appellant, *v.* ILLINOIS BELL TELEPHONE COMPANY *et al.*, Defendants-Appellees.

(No. 58321; )

First District (5th Division)—November 2, 1973.

Wayne E. Peters, of Chicago, for appellant.

L. Bow Pritchett, Edward Butts, and Richard G. Siegel, all of Chicago, for appellee Illinois Bell Telephone.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order dissolving a temporary restraining order and denying a preliminary injunction sought to prevent Illinois

Bell Telephone Company (Bell) from withholding the use of a business telephone number to which plaintiff claimed it was entitled.

On April 1, 1970, plaintiff entered into a franchise agreement with Milex Corporation, Inc. (Milex) wherein plaintiff was to operate a Milex Precision Auto Tune-Up Center in Forest Park, Illinois. Under paragraph 13(b) of the franchise agreement, the parties agreed that, in the event of a breach of the franchise agreement, plaintiff would:

"[P]romptly direct and authorize the telephone company to transfer licensee's [Amber's] telephone numbers and listings for the Center to any other entity designated by MILEX, or to completely discontinue the use thereof upon Milex's direction; and Licensee does hereby irrevocably authorize MILEX to make such changes or cause them to be made in the event of Licensee's failure to do so, and the telephone company shall accept such direction of Milex as conclusive of its authority."

Pursuant to an alleged breach of the franchise agreement, Milex, on August 9, 1972, terminated plaintiff's franchise. Subsequently, and in accordance with the terms of paragraph 13(b) of the agreement, when plaintiff failed to transfer its telephone number, listed under the name of Milex Precision Auto Tune-Up Center, Milex directed Bell to terminate the number and, over the objections of plaintiff, Bell did so. Later plaintiff commenced this action and obtained a temporary restraining order requiring Bell to reinstate service under the withheld number. On September 15, 1972, after a hearing, the temporary restraining order was dissolved and plaintiff's motion for a preliminary injunction was denied.

*OPINION*

■■ The sole question for review here concerns whether the trial court abused its discretion in refusing to grant a preliminary injunction. (*Roth v. Daley,* 119 Ill.App.2d 462, 256 N.E.2d 166.) A preliminary injunction will not be issued unless there is a probability of success on the merits and a need to preserve the status quo in order to prevent irreparable injury for which there is no adequate remedy at law. *McErlean v. Harvey Area Comm. Org.,* 9 Ill.App.3d 527, 529, 292 N.E.2d 479.

The evidence offered at the hearing established that the trade name, Milex Precision Auto Tune-Up Center, is proprietary and the property of Milex. We note also that Bell's service account was carried under that trade name, as was the telephone listing. In addition, the telephone bills were made out and sent to the Center and they were paid by checks carrying the imprint of the same trade name. Although agreeing to those facts, plaintiff contends that it, not Milex, was Bell's subscriber and, therefore, Milex's request to Bell was ineffective. It points out: that

from the date of operation it had the exclusive use of the telephone number; that although the billing had been in the name of Milex Precision Auto Tune-Up Center the bills were sent to the address of plaintiff and, on the face of each bill were the words "CORP. PRESIDENT STANLEY A. AMBERRES"; and, although the checks in payment of the bills had the name of Milex Precision Auto Tune-Up Center, they were drawn on an account of plaintiff.

■■ We are not persuaded by the reasoning of plaintiff that it was the subscriber and we believe that, from a review of the entire record, as far as Bell was concerned, the subscriber to the questioned telephone number was Milex. It appears clear that Bell, upon the request of a subscriber, has the right to withhold and change telephone numbers. There is nothing in the record, nor are any contentions made by plaintiff, which suggest Bell's procedures are inadequate in acting on such requests by subscribers.

■■ These considerations, coupled with the rights granted to Milex under paragraph 13(b) of the franchise agreement, substantiate the findings of the trial court. A preliminary injunction is an extraordinary remedy which should be granted only pursuant to the utmost care. Such a remedy rests in the sound discretion of the court and should not issue unless the need is clear. *Mars, Inc. v. Curtiss Candy Co.,* 8 Ill.App.3d 338, 344, 290 N.E.2d 701.

■■ Furthermore, the injunction sought here, being mandatory in character, should be issued only after a showing of great necessity. The principle applicable in this situation was well stated in *Ambassador Foods Corp. v. Montgomery Ward & Co.,* 43 Ill.App.2d 100, 192 N.E.2d 572, where the court stated at page 104:

> "There is a sound judicial skepticism concerning the need of a mandatory injunction even when its issuance is sought after a full hearing of the case. So much more so is this true when the court is asked to make such drastic use of its powers preliminarily. We are dealing here with 'an extraordinary remedial process which is not a matter of right, but may be granted only upon the exercise of sound judicial discretion *in cases of great necessity'.* [Citations.]
>
> For a court to find that there exists the extreme urgency or 'great necessity' justifying a mandatory injunction, the need for such relief must, indeed, be clearly established and free from doubt. [Citations.]"

We are not directed here to anything suggesting the trial court abused its discretion.

Accordingly, the order denying a preliminary injunction is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded with directions.

ENGLISH, J., and LORENZ, J., concur.