U-HAUL CO., Plaintiff-Appellant, *v.* DONALD J. KATHAN, Individually and d/b/a Arlington Texaco and Arlington Rentals, Defendant-Appellee.

First District (5th Division)   No. 76-590

Opinion filed September 24, 1976.

Theodore R. Sherwin and Robert A. Sherwin, both of Chicago (Sherwin & Sherwin, of counsel), for appellant.

Stephen P. Carponelli, of Arlington Heights (Carponelli, Massucci & Krug, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brings this interlocutory appeal from an order which denied its motion for a preliminary injunction. Plaintiff contends the trial court abused its discretion by finding that plaintiff would suffer no irreparable injury if an injunction was not issued and that an adequate remedy at law existed in the form of money damages.

Plaintiff's complaint alleged defendant had breached its dealership contract with plaintiff to rent trucks, trailers, and various equipment by failing to remit past due rental fee percentages. The dealership contract provided for termination under certain conditions:

"* * * with the exception that the dealer warrants, covenants and

agrees that, within the geographical limits of the county of his place of business, he will not represent or render any service either on his own behalf or in any capacity for any other persons, firm or corporation engaged in any rental business which offers the rental of equipment similar to that operated by U-Haul Co. for the duration of the then existing telephone directory listing, plus a period of one year from the termination of such telephone directory listing."

Since the date of termination, February 11, 1976, defendant had allegedly continued to rent other trucks and equipment for a similar concern, Ryder Truck Rental, Inc. Plaintiff prayed for a permanent injunction to restrain defendant from further renting within the county and for $24,246.48 in past due rentals.

Plaintiff also moved for a preliminary injunction to restrain defendant from competing for rentals within the area while this cause was pending. In response, defendant moved to strike plaintiff's complaint and request for a preliminary injunction on the grounds that plaintiff failed to allege an irreparable injury and did not represent that any trade secret, formula, or rental customer list was involved.

After a hearing on the motion, the trial court specifically found there was no irreparable injury which warranted a preliminary injunction and an adequate remedy existed at law in money damages, and denied plaintiff's motion. This appeal was then perfected pursuant to Supreme Court Rule 307. Ill. Rev. Stat. 1975, ch. 110A, par. 307.

OPINION

■■ Plaintiff contends the trial court abused its discretion by finding that plaintiff would suffer no irreparable injury if an injunction was not issued and that an adequate remedy at law existed in the form of money damages. A clear abuse of discretion must be shown before a reviewing court will set aside a trial court's decision to deny a preliminary injunction. (*Lonergan v. Crucible Steel Co.*, 37 Ill. 2d 599, 229 N.E.2d 536.) A preliminary injunction generally will not be issued unless the movant shows a probability of success on the merits and a need to preserve the *status quo* in order to prevent an irreparable injury for which there is no adequate remedy at law. *Amber Automotive, Inc. v. Illinois Bell Telephone Co.*, 15 Ill. App. 3d 769, 305 N.E.2d 270.

■■ We believe the trial court exercised sound discretion in denying plaintiff's motion. Plaintiff has argued that the losses it has already suffered and will continue to suffer during the period covered by the restrictive covenant include unpaid rental fee percentages, advertising expenses and revenues diverted to its competitor. These injuries are clearly not irreparable. If proved, all could be recompensed by money

318

damages. (*Tele-Controls, Inc. v. Ford Industries, Inc.* (7th Cir. 1967), 388 F.2d 48.) We hold, therefore, that there was no need to preserve the *status quo* by a preliminary injunction when an adequate remedy in money damages existed for any injuries which plaintiff may have sustained.

For this reason we affirm the order of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.