WILLIAM J. DIXON et al., Plaintiffs-Appellants, v. THE VILLAGE OF LOMBARD et al., Defendants-Appellees.

Second District   No. 76-438

Opinion filed July 12, 1977.

Walter P. Maksym, Jr., of Addison, and Stephen P. Carponelli, of Arlington Heights, for appellants.

Klein, Thorpe, Kasson & Jenkins, of Chicago, and John H. Brechin, of Lombard, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

Disregarding the preliminary skirmishes in this case, the sole question presented in this interlocutory appeal is whether the trial court erred in refusing to grant a preliminary injunction restraining the Village of Lombard from expending public monies for a new police facility and village hall where the funds were derived from sales tax revenue.

The Village of Lombard, like several other communities in the metropolitan area of Chicago, has a large shopping complex located within its borders known as the Yorktown Shopping Center. Sales tax revenues were generated from the Yorktown Shopping Center resulting in funds paid to the Village of Lombard: $90,427.18 in 1969; $200,000 in 1970; $300,000 in 1971; $439,978.15 in 1972; $350,000 in 1973; $899,921.73 in 1974; and $728,000 in 1975. With these funds the Village of Lombard, in 1971, constructed a fire station and in 1972 constructed a public works building. In March of 1976 the village entered into various contracts for the construction of the police facility and village hall. Contracts were entered into by the then village manager and provided for the materials and construction of the police administration facility, with payments to be made by the village purportedly out of the funds received from the sales tax revenue. No appropriation had been made by the village for this construction and it appears that in April 1976 the village manager of Lombard advised the village officials that an appropriation should be made, notwithstanding the fact that the funds were on hand and that no tax levy would be required. Accordingly, on April 22, 1976, the village

enacted ordinances numbers 1949 and 1950; ordinance 1949 provided an appropriation ordinance might be revised by the Board of Trustees and ordinance 1950 provided that the appropriation ordinance for the fiscal year June 1, 1975-May 31, 1976 "inadvertently omitted an appropriation for construction of such municipal buildings even though such an item was included in the budget which served as basis of the preparation of said Appropriation Ordinance." The ordinance further provided that the "capital improvement fund" had a balance of $2,600,000 in the same for the purpose of said construction. The ordinance thereupon provided that the appropriation ordinance for the year in question be amended by adding that the sum of $2,600,000 be added for the construction of a municipal purpose building with no amount to be raised from the tax levy. In substance this was a retroactive adoption of an appropriation ordinance on April 22, 1976, for the fiscal year of June 1, 1975, to May 31, 1976. On June 24, 1976, the Board of Trustees adopted appropriation ordinance 1964 for the fiscal year June 1, 1976, to May 31, 1977. In ordinance 1964 the sum of $1,000,000 was expressly appropriated for the expenditure for the police facility and village hall.

The original complaint herein, filed December 10, 1975, by three taxpayers, sought by mandamus to submit to the voters of Lombard the question "Shall the Board of Trustees erect the new police facility on the Village Hall site?" Additionally, plaintiffs sought to restrain and enjoin the defendant from interfering with the right of the voters to vote on the public policy question. Subsequently, on January 29, 1976, plaintiffs moved for a preliminary injunction to halt construction until the result of the vote was certified. This motion was denied by the circuit court. On February 20, 1976, the trial court ordered the issuance of the writ of mandamus, directing the village to hold the election as requested at the earliest possible date. The record before us is not clear as to the results of that election. Defendants state the voters approved the construction and plaintiffs state the majority of the voters "voted no."

On April 26, 1976, the three original taxpayers, with the addition of one William J. Dixon, petitioned the court "for leave to file Additional Taxpayers Class Action count to the original complaint." On May 17, 1976, the trial court denied this petition and gave plaintiffs seven days to file an amended complaint. On May 24, 1976, the plaintiff taxpayers filed their amended complaint, entitled "Supplemental Taxpayers Class Action Complaint," seeking, among other things, to enjoin and restrain the village from proceeding with the construction. On June 3, 1976, plaintiffs petitioned for a preliminary injunction. After a hearing on this petition, the trial court denied the preliminary injunction on August 6, 1976, *nunc pro tunc* as of July 20, 1976. This appeal followed.

In this appeal plaintiffs contend that no appropriation was made for the

allegedly void contracts until more than three months after they were entered into by the village. In Dixon's petition for a preliminary injunction on June 3, 1976, he sought to restrain and enjoin the village from using or expending municipal funds, particularly the $2,600,000 balance in the capital improvement fund, and to impound the same during the pendency of this cause, without bond. In this petition Dixon contended that he and his fellow class members had a fair probability that they would prevail in the trial on the merits; that he and all similarly situated would suffer irreparable harm if the money were spent; that a preliminary injunction would cause no harm to the defendant village; and that they had no adequate remedy at law.

■■ As indicated above, the sole question presented to this court is whether the trial court erred in denying the petition for a preliminary injunction. It is important to note that the substantive issues in this case are not before us for decision. Our role in reviewing the grant or denial of a preliminary injunction is strictly limited to determining whether the trial court correctly exercised its broad discretionary power. *Grillo v. Sidney Wanzer & Sons, Inc.* (1975), 26 Ill. App. 3d 1007, 326 N.E.2d 180.

■■ At the outset it is to be observed that a preliminary injunction is for the purpose of maintaining or preserving the status quo. Further, the issuance of a preliminary injunction is within the sound discretion of the trial judge and is to be used cautiously and in cases of great necessity only. (*Ambassador Foods Corp. v. Montgomery Ward & Co.* (1963), 43 Ill. App. 2d 100, 192 N.E.2d 572.) The use of a preliminary injunction is applicable only to situations where an extreme emergency exists and irreparable and serious injury result in the absence of the injunction. (*Centennial Laundry Co. v. West Side Organization* (1965), 55 Ill. App. 2d 406, 204 N.E.2d 589; *Hoffman v. City of Evanston* (1968), 101 Ill. App. 2d 440, 243 N.E.2d 478; *Moehling v. N. & J. Enterprises, Ltd.* (1973), 15 Ill. App. 3d 987, 305 N.E.2d 183.) And, as the court stated in *Amber Automotive v. Illinois Bell Telephone Co.* (1973), 15 Ill. App. 3d 769, 771, 305 N.E.2d 270, 272:

> "A preliminary injunction is an extraordinary remedy which should be granted only pursuant to the utmost care. Such a remedy rests in the sound discretion of the court and should not issue unless the need is clear. *Mars, Inc. v. Curtiss Candy Co.*, 8 Ill. App. 3d 338, 344, 290 N.E.2d 701."

■■ In *Washington v. Walker* (7th Cir. 1976), 529 F.2d 1062, 1065, the circuit court of appeals, succinctly stating the appropriateness of granting or denying a preliminary injunction, in citing *Banks v. Trainor* (7th Cir. 1975), 525 F.2d 837, 841, said that it " 'depends upon a balancing of several factors, including the likelihood of success on the merits, the lack of adequate remedy at law, the prospect of irreparable harm if the

injunction is not issued and a comparison of the relative hardships imposed on the parties.' " That court went on to state that, in reviewing the trial court's judgment denying or allowing a preliminary injunction, the reviewing court should not substitute its judgment for that of the lower court unless it is convinced that the lower court abused its discretion.

■■ We find that in the case before us the trial court did not abuse its discretion. At the time of the denial of the preliminary injunction, construction of the police facility and the village hall of the Village of Lombard was well under way. At the time of the hearing before this court the facility had been 90% completed and paid for. Under these circumstances we fail to see how the preservation of the status quo would substantially benefit the petitioners herein. Their remedy, if any, upon the merits of their third amended complaint, still exists.

Furthermore, in their petition for a preliminary injunction, the plaintiffs merely state a threat of irreparable harm is imminent if the injunction is not granted. We do not agree nor are we able to find what, if any, the irreparable harm might be. The plaintiffs contend that they would be irreparably harmed if the injunction were not granted as the expenditure of funds in question would cause a deficit which would have to be raised by additional taxes. We fail to find any substantiation of this statement in the record and it would appear, as indicated above, without determining the merits of this case, that in fact no additional taxes would be required for said construction causing an additional liability on the plaintiffs or the members of the class. However, that determination may be made at a future date. Also, in the petition for the preliminary injunction the plaintiffs state that a preliminary injunction would not cause harm to the defendants, which is greater than that which would befall the moving party. That is only their own conclusion for which there are no facts alleged which support their view. Having found that plaintiffs failed to plead and/or prove how they would be irreparably injured unless the status quo was preserved, we therefore find that the trial court properly exercised its discretion in denying plaintiffs' motion. (*U-Haul Co. v. Kathan* (1976), 42 Ill. App. 3d 316, 356 N.E.2d 144, and *Grillo v. Sidney Wanzer & Sons, Inc.*) Thus, our review of the record convinces us that the trial court properly exercised its discretion and we affirm the order of the trial court denying plaintiffs' motion for a preliminary injunction.

Affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.