(No. 60609.—)

BUZZ BARTON & ASSOCIATES, INC., Appellee, v. CHARLES CANNON GIANNONE *et al.* (Charles Cannon Giannone, Appellant).

*Opinion filed October 3, 1985.*

374

Botti, Marinaccio & Maksym, Ltd., of Oak Brook (Aldo E. Botti, Walter P. Maksym, Jr., and John N. Pieper, of counsel), for appellant.

Stephen J. Culliton, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Du Page County, brought pursuant to our Rule 302(a) (94 Ill. 2d R. 302(a)). The circuit court found section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—110) unconstitutional as applied to the facts in the present case.

The present case involves a claim for damages arising out of the wrongful issuance of a preliminary injunction. The preliminary injunction was issued to enforce a restrictive covenant contained in an employment contract. The plaintiff, Buzz Barton & Associates, Inc., is the former employer of the defendant, Charles Cannon Giannone (Giannone). The employment contract between plaintiff and defendant Giannone stated that upon termination of the contract Giannone would:

> "[R]efrain from soliciting business from any customers of the Employer, whether or not they were brought to the employer by the employee, for a period of one year, and in a territory within the area of Oak Brook of [sic] the offices of the Employer in Oak Brook; and during that period of time the employee shall not directly or indirectly,

as principal, agent or employee, deal with any person, firm or corporation which may solicit business from such clients of the Employer ***."

The employment relationship ended on May 1, 1981. Immediately thereafter the defendant began working for Bernard Shank Associates, Inc., the codefendant in this action. Bernard Shank Associates is located in Oak Brook and is a competitor of Buzz Barton & Associates.

On June 3, 1981, Buzz Barton & Associates filed its complaint in the circuit court of Du Page County against Giannone and Bernard Shank Associates. The complaint requested that the defendants be "temporarily and permanently" enjoined from soliciting business from plaintiff's clients for a period of one year from the date of the termination of the employment contract. Plaintiff's complaint also sought to enjoin Bernard Shank Associates from employing Giannone in violation of the employment contract and sought judgment against the defendants for all pecuniary losses proved.

On June 25, 1981, the plaintiff filed a motion for a preliminary injunction seeking to enjoin the defendants from "engaging in the conduct complained of in plaintiff's complaint." The motion specifically requested that Giannone be enjoined from soliciting business from plaintiff's clients until a hearing could be held on the merits. The motion further requested that Bernard Shank Associates be enjoined from employing Giannone to call on and service any clients of the plaintiff which Giannone served while employed by the plaintiff.

The defendants filed a motion, in lieu of an answer, to dismiss the complaint as being insufficient as a matter of law. The parties then engaged in various discovery activities and depositions were taken.

On September 14, 1981, a hearing was held on the defendant's motion to dismiss the complaint and the plaintiff's motion for a preliminary injunction. The

defendant's motion to dismiss was heard first and denied. The court then proceeded to a hearing on the motion for a preliminary injunction. Each side presented arguments and called witnesses. After hearing the evidence the judge continued the matter until September 22, 1981, for closing arguments.

On September 22, 1981, the trial judge orally granted the motion for a preliminary injunction. A written order incorporating the judge's oral ruling was signed on October 21, 1981. The preliminary injunction prohibited defendant Giannone from engaging in any business in the area of Oak Brook that was the same or similar to the business of the plaintiff. The injunction also prohibited Giannone from dealing with any person, firm or company that might solicit business from clients of the plaintiff with the purpose of securing their business. The injunction enjoined the defendant from engaging in such activities pending further order of the court, but in no event beyond May 1, 1982. The defendants were granted 28 days within which to plead or answer to the complaint.

The defendants took an interlocutory appeal from the order granting the preliminary injunction (see 87 Ill. 2d R. 307). The defendants also filed a petition for a change of judges in the circuit court to have a different judge assigned to hear the underlying action, alleging a personal conflict between the judge and new counsel for defendants. The circuit court, on its own motion, reserved ruling on the petition pending the outcome of the interlocutory appeal.

On June 1, 1982, the appellate court, in a Rule 23 order (87 Ill. 2d R. 23), reversed the order granting the preliminary injunction (106 Ill. App. 3d 1156). The appellate court found that the circuit court had abused its discretion in granting the preliminary injunction because the plaintiff failed to show that it possessed a clearly as-

certained right which needed protection. The plaintiff failed to seek rehearing in the appellate court or leave to appeal to this court and thus the mandate was issued to the circuit court.

Upon receiving the mandate, the circuit court granted the defendant's petition for a change of judge and the matter was assigned to a different judge. The defendants then filed a petition for assessment of damages caused by the wrongful issuance of the preliminary injunction (see Ill. Rev. Stat. 1983, ch. 110, par. 11—110) and a motion to dismiss the underlying complaint (see Ill. Rev. Stat. 1983, ch. 110, par. 2—615) based on the appellate court's holding. The plaintiff responded with a motion for declaratory judgment asking the court to declare section 11—110 unconstitutional.

The circuit court, treating plaintiff's declaratory judgment motion as a motion to dismiss the petition for damages, found that section 11—110 was unconstitutional as applied to the facts in the present case.

The circuit court's ruling does not articulate which constitutional provision would be violated if section 11—110 were to be applied to the facts in the present case.

Section 11—110 provides:

> "In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money. However, a failure so to assess damages

as hereinabove set out shall not operate as a bar to an action upon the injunction bond." (Ill. Rev. Stat. 1983, ch. 110, par. 11—110.)

Plaintiff contends that the application of section 11—110 to the present case would violate its due process and equal protection rights. In *Scherzer v. Keller* (1926), 321 Ill. 324, this court rejected a similar argument and upheld the constitutionality of the predecessor of section 11—110. Plaintiff argues that the *Scherzer* decision is not totally dispositive of the statute's constitutionality because the injunction in *Scherzer* was issued without notice or hearing. Plaintiff contends that section 11—110 violates equal protection and due process rights when it is applied to cases where the temporary restraining order or preliminary injunction was issued with notice and after an evidentiary hearing. We disagree.

It is well established that "[t]he Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination." (*Lehnhausen v. Lake Shore Auto Parts Co.* (1973), 410 U.S. 356, 359, 35 L. Ed. 2d 351, 354, 93 S. Ct. 1001, 1003.) The legislative classification is presumed to be valid and will not be set aside if any state of facts may reasonably be conceived to justify it. *McGowan v. Maryland* (1961), 366 U.S. 420, 425-26, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101, 1105; *Hoskins v. Walker* (1974), 57 Ill. 2d 503, 508.

Plaintiff contends that it is treated differently than other parties who seek relief through the courts in that it is being penalized if the relief initially granted is later dissolved as having been wrongfully issued. Holding a party who is granted a preliminary injunction liable for damages if the preliminary injunction is later dissolved as having been wrongfully issued does not constitute an invidious treatment. It is well established that "[o]n re-

versal of a judgment under which one of the parties has received benefits, he is under an obligation to make restitution." (3 Ill. L. & Prac. *Appeal & Error* sec. 1004 (1953); Restatement of Restitution sec. 74 (1937).) Thus, if a party has received benefits from an erroneous decree or judgment, he must, after reversal, make restitution, and if he has sold the property erroneously adjudged to belong to him, he must account to the true owners for its value. *Barnard v. Michael* (1945), 392 Ill. 130, 134; *First National Bank v. Road District No. 8* (1945), 389 Ill. 156, 162; *Loy v. Booth* (1974), 16 Ill. App. 3d 1077, 1081.

Admittedly, the party who is granted a preliminary injunction which is later dissolved as having been wrongfully issued is treated somewhat differently than a party whose judgment is reversed on appeal. Instead of merely restoring any benefit received from the erroneous judgment or decree, the party who is wrongfully issued a preliminary injunction is liable for all damages caused by the wrongful issuance. This dissimilar treatment, however, is justified and is not arbitrary.

The party seeking a preliminary injunction or temporary restraining order is not required to make out a case which would entitle him to relief on the merits; rather, he need only show that he raises a "fair question" about the existence of his right and that the court should preserve the status quo until the case can be decided on the merits. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 542; *Boner v. Drazek* (1973), 55 Ill. 2d 279, 285-86.) It is this extraordinary characteristic of temporary restraining orders and preliminary injunctions which distinguishes them from other types of litigation and justifies holding the moving party liable for all damages if the preliminary injunction or temporary restraining order is later found to have been wrongfully issued. (*Scherzer v. Keller* (1929), 321 Ill.

324, 329; see Metzger and Friedlander, *The Preliminary Injunction: Injury Without Remedy?*, 29 Bus. Law. 913 (1974).) In the present case the plaintiff, without proving its case on the merits, was able to enjoin the defendant from engaging in business activities which the defendant had a legal right to engage in. To allow a party, before a dispute is resolved on the merits, to interfere in the activities of another without being held liable for damages caused by the interference, if proved to be in error, would be inequitable and would invite spurious litigation. (See Metzger and Friedlander, The *Preliminary Injunction: Injury Without Remedy?*, 29 Bus. Law. 913, 921 (1974).) Holding the plaintiff liable for all damages properly proved to have been caused by the wrongful issuance of the preliminary injunction is justified and does not violate the plaintiff's right to equal protection.

We also reject plaintiff's argument that the application of section 11—110 is violative of its right to due process. Plaintiff alleges that the imposition of damages in the present case is inconsistent with section 12 of article I of the Illinois Constitution, which provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly."

Plaintiff contends that the imposition of damages pursuant to section 11—110 is violative of due process in that it denies free access to the courts.

Section 12 of article I is not a mandate that a certain remedy be provided in any specific form, but rather, is an expression of a philosophy. (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 277.) It is well established that the legislature may impose reasonable limitations and conditions upon access to the courts. (*Carey v. Elrod* (1971), 49 Ill. 2d 464, 473; see *Crocker v. Finley* (1984), 99 Ill. 2d 444, 452; *Ali v. Danaher* (1970), 47

Ill. 2d 231, 236—37.) The "limitation" or "condition" complained of is that the issuance of a preliminary injunction is conditioned upon the plaintiff being held liable for damages if the injunction is later dissolved as having been wrongfully issued. By seeking the extraordinary remedy of a preliminary injunction, the plaintiff was able to receive the relief it sought without having to prove its case on the merits. It is not unreasonable for the legislature to make the granting of such extraordinary relief conditional upon the plaintiff's being held liable for all damages if the relief is later found to have been wrongfully issued.

The plaintiff also contends that the imposition of damages pursuant to section 11—110 is violative of due process because the section does not provide an opportunity to defend against damages other than in their amount. As explained above, the granting of a preliminary injunction or temporary restraining order being conditioned upon the plaintiff being held liable for damages if the issuance was wrongful does not violate due process. Furthermore, damages will only be imposed where there is adjudication that the preliminary injunction or temporary restraining order was in fact wrongfully issued. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 543-44; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439; *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 184.) In the present case the plaintiff litigated the issue of the wrongful issuance of the preliminary injunction in the appellate court. The plaintiff did not seek further review of the adverse decision of the appellate court, and thus that holding became the law of the case. The plaintiff's claim that it did not have an opportunity to litigate the issue of whether the preliminary injunction was wrongfully issued is without merit. The imposition of damages pursuant to section 11—110 is not violative of

due process, and the section is constitutional as applied to the facts in this case.

Finally, plaintiff contends that if section 11—110 is constitutionally valid it is inapplicable because the injunction in the present case was, in fact, a permanent injunction. It is well established that section 11—110 applies only to preliminary injunctions and temporary restraining orders; it does not apply to permanent injunctions. (*Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 179; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 49; *Schien v. City of Virden* (1955), 5 Ill. 2d 494, 503.) Plaintiff contends that the injunction in the present case was in fact a permanent injunction because it was dispositive of the underlying controversy and because it was issued after discovery had been undertaken and after a full evidentiary hearing on the merits. Also, the injunction was not immediately issued after the "harm" occurred. Instead the injunction did not issue until approximately 4½ months after the alleged breach of the restrictive covenant and approximately three months after the motion for a "preliminary" injunction was filed.

In far too many cases the distinction between a temporary restraining order, a preliminary injunction, and a permanent injunction becomes blurred during the proceedings. What begins as a proceeding to obtain a temporary restraining order results in the issuance of an order that is in fact a preliminary injunction, and what starts as a proceeding to obtain a preliminary injunction results in an order that is in fact a permanent injunction. This blurring of the distinction between these three types of restraining orders was noted in both the majority and dissenting opinions in *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177. In a hearing on a motion for a preliminary injunction such as was held in the case before us, it is quite easy and tempting to ex-

pand the hearing into the merits of the ultimate question as to whether a permanent injunction should issue. Such a temptation should be resisted, and the distinction between the two writs should be maintained. The purposes of these two writs are different and distinct. The proof that is required to support them is not the same. It is true that if the proof shows that the plaintiff has no protectable interest, as the appellate court held in this case, then a preliminary injunction should not issue. However, in a hearing for a preliminary injunction, plaintiff need not carry the same burden of proof that is required to support the ultimate issue.

This court, in *Nestor Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570, stated:

> "It does not follow that because the permanent injunction was eventually dissolved on appeal that the temporary injunction was not properly sued out. An interlocutory injunction is *merely provisional in its nature* and does not conclude a right. Its effect and purpose is to keep matters in *statu quo* until a hearing or further order. An applicant for an interlocutory injunction is not required to make out a case which will entitle him, at all events, to relief at the hearing. It is enough if he can show that he raises a fair question as to the existence of the right which he claims and can satisfy the court that matters should be preserved in their present state until such questions can be disposed of." *Nester Johnson Manufacturing Co. v. Goldblatt* (1939), 371 Ill. 570, 574.

The purpose of a preliminary injunction is not to determine controverted rights or to decide controverted facts or the merits of the case. (*Lonergan v. Crucible Steel Company of America* (1967), 37 Ill. 2d 599, 611; 21A Ill. L. & Prac. *Injunctions* sec. 4 (1977).) It is an extraordinary remedy, the use of which is applicable only to situations where an extreme emergency exists and serious harm would result in the absence of the injunction. *Levitt Homes, Inc. v. Old Farm Homeowners' Associa-*

*tion* (1982), 111 Ill. App. 3d 300, 307; *Dixon v. Village of Lombard* (1977), 50 Ill. App. 3d 590, 593; *Moehling v. N. & G. Enterprises, Ltd.* (1973), 15 Ill. App. 3d 987, 990.

The criteria governing the issuance of a preliminary injunction has been stated in various ways, all of which are similar in content. In *Washington v. Walker* (7th Cir. 1976), 529 F.2d 1062, 1065, the court stated that the appropriateness of granting or denying a preliminary injunction "depends upon a balancing of several factors, including the likelihood of success on the merits, the lack of adequate remedy of law, prospect of irreparable harm if the injunction is not issued and a comparison of the relative hardships imposed on the parties." In *Amber Automotive, Inc. v. Illinois Bell Telephone Co.* (1973), 15 Ill. App. 3d 769, 770, the court stated, "[a] preliminary injunction will not be issued unless there is a probability of success on the merits and a need to preserve the status quo in order to prevent irreparable injury for which there is no adequate remedy at law." In *Levitt Homes, Inc. v. Old Farm Home Association* (1982), 111 Ill. App. 3d 300, 307, the court stated:

> "In order for a preliminary injunction to issue, a plaintiff must establish (1) that he possesses a clearly ascertained right which needs protection, (2) that he will suffer irreparable harm without the injunction, (3) that there is no adequate remedy at law for his injury, and (4) that he is likely to be successful on the merits of his action."

Thus, the existence of a protectable interest in the plaintiff which will suffer irreparable harm if the injunction is not issued and the likelihood of the plaintiff succeeding on the merits seem to be essential elements for the issuance of a preliminary injunction.

In this case no answer to the complaint had been filed and the issues in the underlying case had not been formed at the time the preliminary injunction was is-

sued. It was issued following a hearing on plaintiff's "motion for preliminary injunction" and in response thereto. Although discovery was conducted and there was an extensive hearing, it is clear that the hearing was not on the merits of the underlying case but was a hearing on the merits of the motion for a preliminary injunction. It is also clear from the final arguments of counsel to the court that the parties recognized that the burden of proof applicable to the hearing was that applicable to a preliminary injunction. Following the presentation of evidence, both attorneys, in argument to the court, spoke of the burden on the plaintiff as being that of showing a "probability of winning" or that plaintiff is "likely to prevail" in the underlying case. The appellate court found that the plaintiff had not shown that it possessed a clearly ascertained right which needed protection. Although such a finding would be cause for reversal of an injunction issued following the hearing on the merits, this finding does not require a holding that the injunction which was issued in this case was not a preliminary injunction. As noted in the cases cited above, the existence of a clearly ascertained right which requires protection is also one of the prerequisites for the issuance of a preliminary injunction. The plaintiff's claim that the injunction issued was in fact a permanent injunction is without merit. It was a preliminary injunction, and section 11—110 is applicable to this case.

The trial court erred in finding section 11—110 unconstitutional as applied to the facts in this case. Thus, the order of the circuit court of Du Page County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*