H C R LIMITED PARTNERSHIP I, Plaintiff-Appellant, v. ANNE K. BEHRENS *et al.*, Defendants-Appellees.

Third District   No. 3—91—0766

Opinion filed March 26, 1992.

Lousberg, Kopp, Bonnett & Kutsunis, P.C., of Rock Island (Frederick P. Kopp, of counsel), for appellant.

Michael E. Evans, of Husch, Eppenberger, Donohue, Cornfeld & Jenkins, of Peoria, and Leslie K. Sha, of Husch & Eppenberger, of Kansas City, Missouri (Stephen D. Gay, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, H C R Limited Partnership I, appeals from an order of the circuit court of Rock Island County denying its motion for a preliminary injunction to extend a 90-day cure provision in a lease. We affirm.

This case arises out of a lease agreement dated October 26, 1966, for the operation of a nursing home in Moline, Illinois. Plaintiff is the successor in interest to the original lessee of the nursing home, and the defendants, Anne K. Behrens and Rebecca Rice, are the successors in interest to the owners under the lease. Under the terms of the lease agreement, the lessee was to pay both rent and monthly mortgage payments. The lease provided that lessee "shall not prepay said mortgage in any amount, without written consent of the owner."

On April 5, 1989, plaintiff prepaid the balance of the mortgage. In June of 1991, plaintiff and defendants entered into negotiations for

the purchase of the nursing home by plaintiff. During negotiations, plaintiff informed defendants that the mortgage had been paid off. On July 8, 1991, defendants served a notice of default on plaintiff citing prepayment of the mortgage without defendants' consent as a breach of the lease. The lease provided that upon notice of such a default plaintiff "shall have a period of 90 days *** in which to remedy such default." From the representations made by the parties at oral argument, it appears that they could not come to an agreement on an adequate amount to cure the damages resulting from the default, which consisted of the payment of additional back taxes, tax penalties, accounting costs, and loss of the right to bargain for written consent to prepay the mortgage.

On August 7, 1991, plaintiff filed a complaint for declaratory judgment and injunctive relief seeking a determination by the court of a proper amount required to cure the default. Plaintiff also filed a motion for a preliminary injunction to extend the 90-day cure period until the court ruled in the declaratory judgment action. On October 2, 1991, a hearing on the motion for a preliminary injunction was held. The court denied the motion, finding that plaintiff had failed to establish the elements required for a preliminary injunction. This interlocutory appeal followed.

It is well established that an injunction is an exceptional remedy which is not granted as a matter of course, but with great caution and only when plaintiff's right to such relief is clearly established. (*Tamalunis v. City of Georgetown* (1989), 185 Ill. App. 3d 173, 189, 542 N.E.2d 402, 413; *Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 452, 388 N.E.2d 438, 447.) "It is an extraordinary remedy, the use of which is applicable only to situations where an extreme emergency exists and serious harm would result in the absence of the injunction." (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 386, 483 N.E.2d 1271, 1277.) The granting or denying of a preliminary injunction is within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. (*Millard Maintenance Service Co. v. Bernero* (1990), 207 Ill. App. 3d 736, 566 N.E.2d 379; *Tie Systems, Inc. v. Telcom Midwest, Inc.* (1990), 203 Ill. App. 3d 142, 560 N.E.2d 1080.) Before a preliminary injunction will be granted, the plaintiff must establish that: (1) he possesses a clearly ascertained right in need of protection; (2) he will suffer irreparable harm without the injunction; (3) there is no adequate remedy at law for his injury; and (4) he is likely to be successful on the merits of his action. *Buzz Barton*, 108 Ill. 2d at 387, 483 N.E.2d at 1278; *Levitt*

*Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 307, 444 N.E.2d 194, 198-99.

Plaintiff contends that the right to cure granted in the lease is a clearly ascertained right in need of protection. Plaintiff argues that because defendants did not inform the plaintiff of the specific amount required to cure the default within 90 days, plaintiff's right to cure should be extended until the court can determine what is required to cure the default. The cure provision in the lease provides as follows:

> "14. *DEFAULT*: In the event that the OPERATOR shall fail to make any payment of rent specified in this lease promptly as the same become due, or shall fail to comply with any other term, condition or covenant of this lease, the OWNER shall give the OPERATOR notice of said default in writing, which writing shall specify in detail the nature of such claimed default, and the OPERATOR shall have thirty days after receipt of said notice within which to rectify said default. Should said notice be uncomplied with within said period of thirty days, the OWNER may enter into said premises, remove the OPERATOR'S signs therefrom, and re-let the same for the account of the OPERATOR upon the best rental and terms obtainable. Such re-entry shall not work a forfeiture of the rents to be paid and the covenants to be performed by the OPERATOR during the full term of this lease. In the event such default involves an agreement other than the simple payment of money, the OPERATOR shall have a period of ninety days after service or receipt of such notice in which to remedy such default."

Plaintiff clearly has 90 days under the lease to cure the default. This right is not contested by defendants. However, the fact that the parties cannot agree on a proper cure does not entitle the plaintiff to an extension of the time during which to cure. The plaintiff has not yet tendered any cure at all. The trial judge denied plaintiff's request for a preliminary injunction because plaintiff had not yet tendered a cure and defendants had not yet rejected any attempt to cure. This was not an abuse of discretion. Plaintiff's right to cure under the lease is not in need of protection at this time.

The principal case upon which plaintiff relies is *Eppers v. First National Bank* (1987), 151 Ill. App. 3d 902, 503 N.E.2d 589. Plaintiff contends that *Eppers* stands for the proposition that the right to cure a breach of contract is a right which is properly protected by preliminary injunction. We disagree.

In *Eppers*, the plaintiffs had purchased commercial real estate from defendant under an installment contract. The contract provided,

among other things, that the plaintiffs would pay all property taxes before accrual of any penalty and keep all buildings on the property insured in defendant's name. The contract also provided that if plaintiffs breached any contractual conditions, defendant could declare the contract forfeited and reenter and take possession of the property. Plaintiffs failed to pay real estate taxes before penalties accrued and also failed to keep the buildings on the property insured as agreed. Defendant served plaintiffs with a notice of intent to declare forfeiture and notice of intent to file a forcible entry and detainer suit with demand for possession. At the time the notice was served, taxes were in arrears in the amount of $3,500 and insurance premiums were owed in the amount of $639. Within 30 days of receiving the notice, plaintiffs tendered $4,139 to defendant in order to cure the default. Defendant then served plaintiffs with a declaration of forfeiture and a demand for possession of the property. Plaintiffs filed a complaint seeking to enjoin defendant from proceeding with any forfeiture or forcible entry and detainer action. The injunction was granted.

On appeal, the court held that under both the common law and the forcible entry and detainer statute, plaintiffs had 30 days in which to cure the default under the installment contract. The court also found that plaintiffs' complaint met the requirements for injunctive relief. However, the clearly ascertained right alleged by the plaintiffs in *Eppers* was not the right to cure. On the contrary, plaintiffs alleged that they had already cured the default and alleged a clear and certain right to continued possession of the property. Because the court had determined that plaintiffs had cured the default within 30 days, the court found that plaintiffs' right to continued possession of the property was a clear and certain right in need of protection.

In the case at bar, plaintiff admits that it breached the contract, but plaintiff has not yet tendered a cure. Until plaintiff tenders a cure, it cannot claim a clearly ascertained right to possession of the property. Plaintiff's position in this case is clearly different from the plaintiffs' position in *Eppers*.

Moreover, defendants have not served plaintiff with a declaration of forfeiture, nor have they filed a forcible entry and detainer suit. While it is true, as plaintiff points out, that equity may enjoin prosecution of a forcible entry and detainer suit (*Venturi v. Bulk Petroleum Corp.* (1979), 70 Ill. App. 3d 967, 388 N.E.2d 1147), it does not follow that an injunction should be granted based on the mere possibility that a forcible entry and detainer suit may be filed. Speculative possibility of injury is an insufficient basis upon which to grant injunctive

relief. *In re Marriage of Strauss* (1989), 183 Ill. App. 3d 424, 539 N.E.2d 808.

Plaintiff has failed to establish a clear and certain right in need of protection. Therefore, we need not consider whether plaintiff has established the other elements required for injunctive relief. The order of the circuit court of Rock Island County denying plaintiff's motion for a preliminary injunction is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.