JEFCO LABORATORIES, INC., Plaintiff-Appellant, v. LAWRENCE F. CARROO, Defendant-Appellee (Michael J. Gluck, Defendant).

First District (2nd Division)    No. 85—0878

Opinion filed September 24, 1985.

Howard J. Siegel and Weston W. Hanscom, both of Keck, Mahin & Cate, of Chicago, for appellant.

Terrance J. Coughlin, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff-appellant Jefco Laboratories (Jefco) appeals a judgment entered March 22, 1985, which granted defendant-appellee Lawrence F. Carroo's motion for damages in the amount of $8,196.50. The damages were assessed, pursuant to section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—110), for the wrongful issuance of a temporary restraining order (TRO) against defendant Carroo. The order included a finding that "there is no just reason for delaying enforcement or appeal from this order."

On appeal, Jefco argues two points: (1) whether the trial court had jurisdiction to enter the judgment; and (2) whether the TRO was found to be wrongfully issued prior to a determination on the merits.

This is the second appeal of this case before this division. (See *Jefco Laboratories, Inc. v. Carroo* (1985), 136 Ill. App. 3d 793.) The same set of facts is involved. Jefco sued defendants Carroo and Gluck, who are former employees, for their alleged breach of a restrictive covenant contained in their employment agreements. After Jefco filed its complaint, the trial court issued a TRO against defendant Carroo on November 15, 1984. The TRO was extended. On December 4, 1984, defendants filed answers to the complaint, and Carroo moved to dissolve the TRO. The court heard evidence on Jefco's motion for a preliminary injunction from December 4 until December 18, 1984, when the court dissolved the TRO and refused to issue a preliminary injunction. The order read in part:

"2. Defendant Carroo's motion to dissolve the temporary restraining order is granted and this Court finds said temporary restraining order was previously entered *in error.*" (Emphasis added.)

On January 16, 1985, Carroo filed his motion for damages. The motion alleged that Carroo had lost $2,250 in income and had accrued legal expenses of $5,946.50. On March 22, 1985, a hearing was held, and Carroo testified that he had also lost a job offer because of the TRO. His attorney, Terrance Coughlin, also testified about his expenses. After the testimony, Jefco argued that *Stocker Hinge Manu-*

*facturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 447 N.E.2d 288, controlled and that it mandated that damages should not be awarded when a TRO expired on its own rather than its being dissolved by the trial court.

The court responded that it was familiar with *Stocker Hinge.* It also stated:

"After hearing the evidence in the preliminary injunction case, I do indeed rule that I issued it in error.

I find that the Defendant-Petitioner is indeed entitled to damages. And he has proved his damages."

Jefco then filed this timely appeal.

I

The first issue is whether the trial court had jurisdiction to enter the judgment. Section 11—110 of the Code of Civil Procedure reads in pertinent part:

"Sec. 11—110. Assessing damages. In all cases where a temporary restraining order or a preliminary injunction is dissolved \*\*\*, the circuit court, after the dissolution of the temporary restraining order \*\*\*, and before finally disposing of the action shall \*\*\* determine and enter judgment in favor of the party who was injured by such temporary restraining order \*\*\* for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money." (Ill. Rev. Stat. 1983, ch. 110, par. 11—110.)

The very language of the statute authorizes the circuit court to take the action that it did in this case. The general rule is that "the filing of a notice of appeal from an interlocutory order [citations] does not divest the trial court of all jurisdiction in a case. It does, however, restrain the trial court from either changing or modifying the interlocutory order." (*Home Savings & Loan Association v. Samuel T. Isaac & Associates, Inc.* (1981), 99 Ill. App. 3d 795, 804, 425 N.E.2d 985.) Here, the appeal was taken as to the court's dissolution of the TRO and its refusal to issue a preliminary injunction. The assessment of damages did not change or modify that order; it merely established the damages sustained by defendant Carroo, a procedure explicitly authorized by the statute.

In sum, the circuit court had jurisdiction to enter its judgment.

II

Jefco's second argument is that the circuit court must make a finding that the TRO was issued "wrongfully" before it can make a

judgment on damages. It relies on *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 447 N.E.2d 288, but its reliance is misplaced. In *Stocker Hinge,* our supreme court distinguished between a TRO that is dissolved by a court because it finds that the TRO has been issued wrongfully and a TRO that expires by operation of law by either merging with a preliminary injunction or dissolving by itself if the injunction is denied, thereby becoming *functus officio,* literally "a task performed." Black's Law Dictionary 606 (5th ed. 1979).

■ In this case, the trial court specifically found that the TRO had been issued "in error." Even though section 11—110 does not specifically require such a finding, courts have continued to read in that requirement. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 544, 447 N.E.2d 288 ( construing sections 9 and 12 of the Injunction Act) (Ill. Rev. Stat. 1977, ch. 69, pars. 9, 12).) Jefco argues that case law demands that a court use the magic words "wrongfully issued" and that the words "in error" are insufficient. Making such a semantic distinction serves no real purpose other than to inject formalism into civil practice, which the Code of Civil Procedure was enacted to discourage.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.