SAVE THE PRAIRIE SOCIETY, Plaintiff-Appellant, v. GREENE DEVELOPMENT GROUP, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—02—1514

Opinion filed April 28, 2003.

Sidley, Austin, Brown & Wood, of Chicago (J. Andrew Schlickman, Susan V. Harris, Bryant T. Lamer, and Emily A. Patterson, of counsel), for appellant.

Lord, Bissell & Brook (Terrence P. Canade, Hugh C. Griffin, Kevin P. McJessy, and Hugh S. Balsam, of counsel), and Tressler, Soderstrom, Maloney & Priess (Howard K. Priess and David L. Kabat, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:
This case comes before us for a second time. Save the Prairie

Society sued to prevent Greene Development Group from constructing an elaborate development on property Greene owned near a natural prairie. The trial court denied plaintiff's motion for a preliminary injunction. On the initial appeal we reversed the trial court and ordered the court to enter the preliminary injunction on remand. The trial court entered the ordered injunction, but it also ordered plaintiff to post a bond of $200,000. Plaintiff again appeals.

We find that the trial court abused its discretion by ordering the large bond from a not-for-profit corporation with limited resources, where the injunction the corporation sought served the public interest. We again reverse the trial court and order the court to enter the preliminary injunction without bond.

Founder's Bank, as trustee of a trust for the benefit of Greene, owns a 5-acre lot in a 60-acre residential community. All 12 of the lots in the community are about 5 acres, and no property has more than one principal building. When Greene acquired the lot, all 12 lots had a single-family residence. The deeds for the 12 lots all forbid construction of any principal building other than a residence.

Greene sought to construct a development of 5 buildings, including 4 buildings with 32 residential units in each building. Plaintiff, which owned another lot in the community, sued to enforce the restrictive covenant. Plaintiff also moved for a preliminary injunction, without bond, to preserve the status quo pending determination of the suit to enforce the covenant.

At the hearing on the motion for preliminary injunction plaintiff presented evidence that the residential community bordered a nature preserve consisting of 80 acres of prairie, wetland and savanna. The general superintendent of the Cook County Forest Preserve District described the nature preserve as "a unique natural area with national and international ecological value." He added that savanna, like that in the nature preserve, is "critically imperiled globally." The low-density residential community of 60 acres "provides critical buffer for and helps to protect" the nature preserve. In the interest of shielding the nature preserve, the Forest Preserve District preferred to see no major development of the residential community.

Following testimony concerning the character of the residential area, plaintiff recognized the need for further testimony in support of the request for waiver of bond. Plaintiff's attorney said:

> "In the interest of time, we would suggest that we postpone that testimony to a point in time if and when it's necessary."

The court and Greene agreed to let plaintiff reserve the right to present evidence concerning the bond later. The issue of the amount of the bond did not arise in the initial hearing because the court denied the motion for a preliminary injunction.

On the first appeal this court addressed only the issue of whether the trial court erred by denying the motion for a preliminary injunction. The parties did not address the possibility of a bond, and the record did not include evidence pertinent to the request for waiver of bond.

On remand plaintiff amended its complaint to add allegations that Greene bought a second lot in the residential community and demolished residences on both of the lots. Founder's Bank, as trustee, held legal title to the first lot, and Standard Bank & Trust, also as trustee, held legal title to the second lot. Greene then transferred its beneficial interests in both trusts to Orchard Hill Construction. Plaintiff sought leave to add Orchard Hill and Standard Bank as new defendants. Plaintiff also renewed the request for an injunction, this time to prevent development of both of the lots Orchard Hill owned.

Greene asked the court to establish a bond for the injunction. In the motion Greene asserted, without citation to any evidence, that the delay due to the preliminary injunction would jeopardize the proposed development even if the court found, at trial, that plaintiff had no right to enforce the restrictive covenant. Greene also asserted, without citation to evidence, that it intended to spend $21 million on the proposed development. Greene did not indicate the price it paid for the properties or the value it would lose if the court imposed the preliminary injunction but decided after trial to permit the developments. Instead, Greene requested a bond of $21 million, without explaining how an injunction preventing it from spending $21 million for the duration of the trial could cause it any loss, let alone a loss of $21 million.

Greene supported its request with evidence of plaintiff's ability to pay. Plaintiff's tax return for the year ending June 30, 1999, showed net assets worth more than $750,000, but land accounted for more than $680,000 of those assets. For that tax year plaintiff received total revenues of $58,000, mostly from charitable donations, covering total expenses of almost $56,000, for a net income of $2,094. Greene also submitted a realtor's report estimating the value of plaintiff's property in the residential community at $550,000.

In opposition to the motion for bond, plaintiff submitted an affidavit from the Director of the Illinois Department of Natural Resources Office of Realty and Environmental Planning, who echoed the testimony from the hearing about the character of the nature preserve and the need for the low-density residential area as a buffer. He added that plaintiff served the public interest by assisting the Department in its efforts to restore and protect the nature preserve. Plaintiff also presented a budget for the year ending June 30, 2002. Plaintiff anticipated income of $63,500 and expenses of $63,300.

The trial court held:

> "First, on its face, this is not a case where the bond requirement should be waived. Due to the injunction, the Defendants are being enjoined from commencing construction on certain real estate to which [they] hold[ ] legal title. Second, the fact that [plaintiff] alleges that it is a small non-for-profit entity with limited financial resources is not a legitimate basis for waiving bond. Third, and perhaps most compelling, is the fact that the Appellate Court did not expressly order that bond should be waived. Upon entry of a preliminary injunction, a fundamental condition to its issuance is the posting of a bond. Thus, if the Appellate Court intended that the bond requirement should be waived in this scenario, it seems that it would have directed that instruction in the mandate. And, the Appellate Court did not.
>
> ***
>
> Accordingly, the Plaintiff['s] *** Motion for Preliminary Injunction is GRANTED, and in accordance with said injunction, [plaintiff] is ordered to post a bond in the amount of $200,000."

## DISCUSSION

■ Section 11—103 of the Code of Civil Procedure provides:

> "The court in its discretion, may before entering a restraining order or a preliminary injunction, require the applicant to give bond in such sum, upon such condition and with such security as may be deemed proper by the court, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." 735 ILCS 5/11—103 (West 2000).

This court gives the trial court discretion to determine whether to require a bond from the party seeking a preliminary injunction. *Gold v. Ziff Communications Co.*, 196 Ill. App. 3d 425, 436 (1989). The trial court abuses its discretion when it applies improper legal standards or ignores recognized principles of law. *Zavell & Associates, Inc. v. CCA Industries, Inc.*, 257 Ill. App. 3d 319, 332 (1993); *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 461 (2000).

The trial court here ignored several legal principles in ruling on the bond. First, a "judicial opinion is *** authority only for what is actually decided." *In re D.S.*, 313 Ill. App. 3d 1020, 1026 (2000). When a court expressly reserves an issue, its decision cannot be considered a resolution of the reserved issue. *Citicorp Savings of Illinois v. Rucker*, 295 Ill. App. 3d 801, 805-06 (1998).

At the hearing on the motion for a preliminary injunction, plaintiff, with the express consent of defendants and the trial court, reserved the right to present evidence on the issue of whether to set a bond and

the amount of any bond so set. Therefore, when the case came before this court on the initial appeal, the record did not include plaintiff's evidence on the issue, and the trial court had made no ruling concerning the bond. The record on the initial appeal, and the briefs on that appeal, presented no basis for this court to offer any opinion on the issue of whether to impose a bond. This court, on the first appeal, lacked jurisdiction to consider the amount of the bond and whether to set a bond.

Despite the absence of any basis for this court to address the issue of a possible bond, the trial court here decided that the lack of any ruling concerning a bond in this case constituted a compelling reason to order a bond of more than 3 times plaintiff's total annual revenues, and about 100 times plaintiff's annual net income. Our decision necessarily had no bearing on the need for a bond, as the parties could not address that issue on the record presented to this court on the first appeal—a record in which the trial court expressly agreed to reservation of the issue of whether to impose a bond.

The trial court also ignored recognized legal principles in the other reasons it gave for rejecting plaintiff's arguments. A party's limited financial resources can provide good cause for requiring no bond. *Mitchell v. Mitchell*, 10 Ill. App. 2d 437, 444 (1956); *Gold*, 196 Ill. App. 3d at 436. Plaintiff's status as a not-for-profit corporation may warrant waiver of the bond requirement (*Sunset Hills Homeowners Ass'n v. Karel*, 39 Ill. App. 2d 477, 486 (1963)), especially where the corporation serves the public interest (*Town of Cicero v. Weilander*, 35 Ill. App. 2d 456, 470-71 (1962)). Here, plaintiff's work to conserve our natural resources serves the public interest. See 415 ILCS 5/2 (West 2000).

█ A federal rule, like section 11—103 of the Code of Civil Procedure, permits courts to enter injunctions with no bond, or with only nominal bond. *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972). The federal courts have articulated appropriate factors, consistent with Illinois law, for the court to consider in determining whether to impose a bond. In *Crowley v. Local No. 82*, 679 F.2d 978, 1000 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526, 81 L. Ed. 2d 457, 104 S. Ct. 2557 (1984), the court said:

> "[C]ases are *** in some conflict as to the effect of failure to require a bond. *** [In one line of cases, w]here the injunction is otherwise upheld, the case has been remanded solely for reconsideration of the bond requirement. [Citation.] In the second line, no bond is required in suits to enforce important federal rights or 'public interests.' [Citations.] The rights prosecuted in these cases arose out of comprehensive federal health and welfare statutes ***.

Moreover, some of these cases involved indigent plaintiffs, from whom it would be unjust to require security. [Citations.]

These cases suggest to us that a district court should take into account the following factors in deciding whether to require a bond. First, at least in noncommercial cases, the court should consider the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant. Applicants in commercial cases—merchants, manufacturers, and others—can be assumed capable of bearing most bond requirements, so hardship to them is less of a factor. Second, in order not to restrict a federal right unduly, the impact that a bond requirement would have on enforcement of the right should also be considered."

See *Temple University v. White*, 941 F.2d 201, 219 n.26 (3d Cir. 1991) (adopting *Crowley* factors). Also, the "court may dispense with security where there has been no proof of likelihood of harm to the party enjoined." *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974). A federal court applying these factors has refused to impose bond on a nonprofit environmental protection organization that sought an injunction to restrict development of lakefront properties. *People of the State of California ex rel. Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325-26 (9th Cir. 1985).

■ Like the court in *Tahoe*, we find that the factors weigh heavily in favor of imposing no bond here. First, the injunction serves the public interest in protecting our vanishing savannas and prairies. The hardship on plaintiff of the excessive bond here is great, as it amounts to more than one-fourth of all of plaintiff's assets, and about as much income as the organization could hope to net in a century. The bond requirement certainly would severely diminish plaintiff's ability to protect the public interest. Finally, Greene cites no evidence that it will suffer any loss due to this preliminary injunction. If a trial on the merits shows that Greene has no right to develop this property, the injunction will have saved Greene the cost of remedying its unjustified expenditures on development. If the court, after a trial, determines that Greene has the right to develop the property, Greene will have lost only the time needed for the trial. While Greene will need to wait to realize its projected profits, the record presents no reason to believe that the profits will not increase sufficiently to compensate it for the delay.

In our prior opinion we made no mention of any possible bond because the record and arguments before us presented no basis for offering an opinion on the bond. The trial court improperly relied on the lack of discussion of bond as grounds for imposing one. The court also ignored precedent that established that the public interest and the

plaintiff's limited financial resources constitute grounds for granting the injunction without bond. In view of the public interest, the plaintiff's lack of financial resources, and the lack of evidence of any loss to defendants from a temporary injunction for the duration of trial, we find that the trial court abused its discretion by imposing a bond of $200,000. We reverse the decision of the trial court and remand with instructions to eliminate the bond requirement from the order for a preliminary injunction.

Reversed and remanded with directions.

O'MALLEY and SMITH, JJ., concur.