ROCHESTER BUCKHART ACTION GROUP, Plaintiff-Appellee, v. ROBERT YOUNG, Defendant-Appellant.

Fourth District   No. 4—09—0037

Opinion filed September 8, 2009.

Thomas J. Immel (argued), of Feldman, Wasser, Draper & Cox, of Springfield, for appellant.

Patrick D. Shaw (argued), of Mohan, Alewelt, Prillaman & Adami, of Springfield, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In May 2007, plaintiff, Rochester Buckhart Action Group, filed a motion for preliminary injunction against defendant, Robert Young, to enjoin him from constructing or operating a hog farm on his property pending the outcome of litigation. In May 2007, the trial court granted the preliminary injunction. In August 2007, the court denied defendant's motion to vacate. On appeal, this court reversed and remanded. In October 2008, defendant filed a motion for costs and damages. In November 2008, plaintiff filed a motion to strike and deny defendant's motion, which the trial court granted.

On appeal, defendant argues the trial court erred in granting plaintiff's motion to strike and deny his motion for costs and damages. We reverse and remand with directions.

## I. BACKGROUND

Plaintiff is an Illinois general not-for-profit corporation organized to critically examine and oppose activities that adversely influence the use and value of property and the quality of health and the environment in the Rochester and Buckhart areas of Sangamon and Christian Counties. At the outset of litigation, defendant owned property in Sangamon County and operated a dairy farm, consisting of approximately 40 dairy cows at any given time. Defendant had previously had a hog-confinement building on the property for as many as 2,300 animals, but it was demolished in 2004.

In April 2007, plaintiff filed a three-count complaint against defendant for declaratory judgment (count I), nuisance (count II), and public nuisance (count III). Plaintiff alleged defendant notified the Illinois Department of Agriculture (Department) in February 2006 of his intent to construct a hog finishing operation to house 3,750 hogs at his property. In his notice of intent to construct, defendant stated the proposed facility was an expansion of an existing facility and would not be classified as a "new facility."

Plaintiff claimed the proposed hog operation would produce "massive volumes of feces, urine, blood[,] and other waste," cause "extremely unpleasant odors," and "attract insects and disease vectors." Plaintiff alleged persons residing and businesses operating near the facility would be subject to odors and airborne contaminants that present a high probability of injuring their health and welfare and a diminution of property values.

In May 2007, plaintiff filed a motion for preliminary injunction on count I of the complaint citing the Livestock Management Facilities Act (Act) (510 ILCS 77/1 through 999 (West 2006)). Plaintiff stated the Act provided minimum setbacks, stiffer design requirements, and an opportunity for public notice, comment, and hearing when a "new facility" is contemplated.

In May 2007, the trial court granted the motion for preliminary injunction. The court found plaintiff had shown "there is a fair question that [p]laintiff will succeed on the merits in claiming [d]efendant is constructing a 'new' livestock management facility as defined in the Act." Further, plaintiff would suffer irreparable harm if an injunction did not issue and no adequate remedy at law or in equity existed. The court enjoined defendant from continuing to construct a hog-confinement building on his property pending further order. The court also required plaintiff to post a $60,000 bond.

In June 2007, defendant answered the complaint, raising as an affirmative defense that he was not constructing a "new" livestock-management facility but expanding an existing facility. In July 2007, defendant filed a motion to vacate the preliminary injunction. In August 2007, the trial court denied defendant's motion. Defendant then filed a notice of interlocutory appeal pursuant to Supreme Court Rule 307 (188 Ill. 2d R. 307).

On appeal, this court reversed, finding the trial court erred in declining to vacate the preliminary injunction, and remanded for further proceedings. *Rochester Buckhart Action Group v. Young*, 379 Ill. App. 3d 1030, 1036, 887 N.E.2d 49, 54-55 (2008) (*Rochester I*). The supreme court denied plaintiff's petition for leave to appeal. *Rochester Buckhart Action Group v. Young*, 229 Ill. 2d 658, 897 N.E.2d 263 (2008).

In October 2008, defendant filed a verified motion for award of costs and damages pursuant to section 11—103 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/11—103 (West 2008)) as a result of the "wrongfully entered injunction." Defendant alleged he had suffered substantial costs and damages as a result of his project having been shut down since the issuance of the preliminary injunction and sought to recover $294,159.01. He also asked the trial court to award him the proceeds of plaintiff's $60,000 surety bond as a setoff or credit against the judgment.

In November 2008, the trial court entered an order vacating and dissolving the preliminary injunction pursuant to this court's mandate. Thereafter, plaintiff filed a motion to strike and deny defendant's motion for costs and damages. Plaintiff claimed there had been no adjudication that the preliminary injunction was wrongful and thus defendant was not entitled to relief.

In January 2009, the trial court granted the motion to strike. In agreeing with plaintiff's arguments, the court stated it did "not believe that it wrongfully granted the [p]reliminary [i]njunction that has now been vacated" in accordance with the appellate court mandate. Because the court believed the preliminary injunction had not been "wrongfully" granted, the court concluded defendant was barred from obtaining a judgment for recovery of costs and damages under the Procedure Code. This appeal followed.

## II. ANALYSIS

Defendant argues the trial court erred in determining the preliminary injunction had not been "wrongfully" granted as that term is used in section 11—103 of the Procedure Code (735 ILCS 5/11—103 (West 2008)). We agree.

■ Section 11—103 of the Procedure Code provides, in part, as follows:

> "The court in its discretion, may before entering a restraining order or a preliminary injunction, require the applicant to give bond in such sum, upon such condition and with such security as may be deemed proper by the court, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." 735 ILCS 5/11—103 (West 2008).

Section 11—110 of the Procedure Code provides as follows:

> "In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money. However, a failure so to assess damages as hereinabove set out shall not operate as a bar to an action upon the injunction bond." 735 ILCS 5/11—110 (West 2008).

Our supreme court has noted "damages will only be imposed where there is adjudication that the preliminary injunction or temporary restraining order was in fact wrongfully issued." *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill. 2d 373, 384, 483 N.E.2d 1271, 1276 (1985); *Stocker Hinge Manufacturing Co. v. Darnel*

*Industries, Inc.*, 94 Ill. 2d 535, 543, 447 N.E.2d 288, 292 (1983) (damage award requires a prior adjudication that the preliminary injunction was wrongfully entered); *Meyer v. Marshall*, 62 Ill. 2d 435, 439, 343 N.E.2d 479, 482 (1976) (damages are recoverable "only if the preliminary injunction has been dissolved before the case is disposed of on the merits, and thus adjudicated to have been wrongfully issued").

Plaintiff makes several arguments that reversal is not required here. First, plaintiff argues there has been no adjudication that the preliminary injunction was wrongfully issued.

In *Stocker*, 94 Ill. 2d at 538, 447 N.E.2d at 289, the plaintiff sought to enjoin the defendants from revealing trade secrets. The trial court entered a temporary restraining order (TRO) preventing the defendants from disclosing the privileged information. *Stocker*, 94 Ill. 2d at 539, 447 N.E.2d at 289-90. The defendants filed a motion to dissolve the TRO, which the court denied and ordered the TRO to remain in effect. *Stocker*, 94 Ill. 2d at 539-40, 447 N.E.2d at 290. At the conclusion of the evidentiary hearing, the court denied plaintiff's motion for a preliminary injunction and dissolved the TRO. *Stocker*, 94 Ill. 2d at 540, 447 N.E.2d at 290.

Thereafter, the defendants filed a motion for damages, claiming the TRO was wrongfully entered. *Stocker*, 94 Ill. 2d at 540, 447 N.E.2d at 290. The trial court awarded damages, and the appellate court affirmed, concluding the dissolution of the TRO constituted an adjudication that it had been wrongfully issued. *Stocker*, 94 Ill. 2d at 541, 447 N.E.2d at 290.

The supreme court reversed. *Stocker*, 94 Ill. 2d at 546, 447 N.E.2d at 293. Initially, the court noted that when the defendants did not appeal the trial court's decision refusing to dissolve the TRO, the order became final and constituted the law of the case that the TRO had been properly granted. *Stocker*, 94 Ill. 2d at 544-45, 447 N.E.2d at 292.

"Additionally, defendants have failed to recognize the difference between a temporary restraining order which is dissolved by the court because it was improvidently granted and one which simply expires because it has served its function. [Citations.] When the temporary restraining order is not dissolved before a hearing on the merits, it becomes merged with the preliminary injunction, if the plaintiff prevails, or it becomes *functus officio*. [Citation.] Thus, there has been no legal determination that the TRO was wrongfully issued." *Stocker*, 94 Ill. 2d at 545, 447 N.E.2d at 292-93.

■ In contrast with *Stocker*, the preliminary injunction issued in this case did not simply expire because it served its function. Instead, our prior opinion ordering the trial court to dissolve the preliminary

injunction constituted a legal determination that the preliminary injunction was wrongfully issued. See *Boltz v. Estate of Bryant*, 175 Ill. App. 3d 1056, 1065, 530 N.E.2d 985, 990 (1988) (a "court's dissolution of an injunction generally means that it was improperly issued, or it would not have been dissolved"). It is hard to fathom what the first appeal in *Rochester I* was all about if it was not a determination of whether the trial court rightfully or wrongfully enjoined defendant from continuing the construction on his hog farm. The sole issue in *Rochester I* was whether the trial court erred in declining to vacate the preliminary injunction. *Rochester I*, 379 Ill. App. 3d at 1033, 887 N.E.2d at 52. Had a majority of this court found the trial court properly enjoined defendant from continuing his construction project, it would be odd for us to then reverse and remand with the order that the trial court dissolve the injunction.

In *Knapp v. Palos Community Hospital*, 176 Ill. App. 3d 1012, 1015, 531 N.E.2d 989, 991 (1988), *abrogated on other grounds by Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 517, 544 N.E.2d 733, 743 (1989), the First District noted a previous panel of its court had found the trial court abused its discretion in granting a preliminary injunction. One of the issues on the second appeal centered on the propriety of an award of damages under section 11—110 of the Procedure Code based on the wrongful issuance of the preliminary injunction. *Knapp*, 176 Ill. App. 3d at 1017, 531 N.E.2d at 992. The appellate court found its prior reversal "of the order granting the preliminary injunction constituted a finding that the injunction had wrongfully issued." *Knapp*, 176 Ill. App. 3d at 1026, 531 N.E.2d at 998. "[B]ased on our reversal of the order granting the preliminary injunction or [the trial court's] own order dissolving the injunction pursuant to our mandate," the First District concluded a determination had been made as to the wrongful issuance of the injunction and found the trial court did not abuse its discretion in awarding damages under section 11—110. *Knapp*, 176 Ill. App. 3d at 1026, 531 N.E.2d at 998.

Defendant was enjoined from continuing the construction on his hog farm in this case. The trial court erred in granting the preliminary injunction. An erroneously entered preliminary injunction equates with a wrongfully entered preliminary injunction. See *Jefco Laboratories, Inc. v. Carroo*, 136 Ill. App. 3d 826, 829, 483 N.E.2d 1004, 1006 (1985) (noting the trial court's finding the TRO was "in error" instead of "wrongfully issued" was merely a semantic distinction). As our ruling in *Rochester I* constituted an adjudication that the preliminary injunction was indeed wrongfully issued, defendant is entitled to damages under the Procedure Code.

In its second argument on appeal, plaintiff contends defendant never appealed the preliminary-injunction order and thus the propriety of its entry became the law of the case. This argument is also without merit.

In *Stocker*, 94 Ill. 2d at 539-40, 477 N.E.2d at 290, the defendants did not appeal the entry of the TRO and instead filed a motion to vacate the trial court's order. The court denied the defendant's motion and found no just reason to delay an appeal. *Stocker*, 94 Ill. 2d at 540, 477 N.E.2d at 290. The defendants did not appeal that decision either.

The supreme court stated "the order of the trial court refusing to dissolve a temporary restraining order is immediately appealable." *Stocker*, 94 Ill. 2d at 544, 477 N.E.2d at 292. Further, "[a]n order denying defendants' motion to dissolve a TRO, when not appealed from, becomes a final order that the TRO was properly granted." *Stocker*, 94 Ill. 2d at 544, 477 N.E.2d at 292. Because the defendants did not appeal the trial court's order refusing to dissolve the TRO, the court's decision became the law of the case. *Stocker*, 94 Ill. 2d at 544-45, 477 N.E.2d at 292.

In the case *sub judice*, defendant did not appeal from the trial court's order granting the preliminary injunction in May 2007. Instead, defendant filed a motion to vacate the preliminary injunction in July 2007. Defendant then appealed the court's denial of his motion. See 188 Ill. 2d R. 307(a)(1) (appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction").

Here, whether the preliminary injunction was rightfully issued was before the trial court on the motion to vacate. Thus, defendant cannot be said to have waived the propriety of its issuance. See *International Ass'n of Firefighters Local No. 23 v. City of East St. Louis*, 206 Ill. App. 3d 580, 584, 565 N.E.2d 264, 266-67 (1990). Moreover, defendant did what the *Stocker* court intimated the defendants in that case should have done by filing a timely appeal after the trial court denied the motion to vacate the preliminary injunction.

■ Plaintiff makes a final argument that damages should not be awarded because it is "a not-for-profit corporation seeking to vindicate public rights." Plaintiff cites *Save the Prairie Society v. Greene Development Group, Inc.*, 338 Ill. App. 3d 800, 801, 789 N.E.2d 389, 390 (2003), wherein the First District found the trial court abused its discretion by imposing a $200,000 bond on a not-for-profit corporation with limited resources where the sought-after injunction served the public interest.

Section 11—103 grants courts the discretion to require the applicant for a preliminary injunction to give bond. 735 ILCS 5/11—103 (West 2008). "When imposition of bond would be an undue hardship on plaintiff in a preliminary injunction, it is not an abuse of discretion not to order the imposition of bond." *Gold v. Ziff Communications Co.*, 196 Ill. App. 3d 425, 436, 553 N.E.2d 404, 411 (1989). However, no rule of law states "that in every case where a public interest is involved the court may, without any further showing, order the issuance of a temporary injunction without bond." *Town of Cicero v. Weilander*, 35 Ill. App. 2d 456, 471, 183 N.E.2d 40, 48 (1962).

While the First District has found the public interest and a plaintiff's limited financial resources can constitute grounds for granting an injunction without bond, the trial court here exercised its discretion and required plaintiff to post a $60,000 bond. On the record before us, it does not appear plaintiff objected to this requirement for bond or claimed an undue hardship and thus it cannot do so now by arguing damages would be inappropriate simply because of the public interest involved.

Moreover, our supreme court has considered the ramifications, and possible harm, of injunctive relief, which "justifies holding the moving party liable for all damages if the preliminary injunction or temporary restraining order is later found to have been wrongfully issued." *Buzz Barton*, 108 Ill. 2d at 382, 483 N.E.2d at 1275.

> "In the present case the plaintiff, without proving its case on the merits, was able to enjoin the defendant from engaging in business activities which the defendant had a legal right to engage in. To allow a party, before a dispute is resolved on the merits, to interfere in the activities of another without being held liable for damages caused by the interference, if proved to be in error, would be inequitable and would invite spurious litigation." *Buzz Barton*, 108 Ill. 2d at 383, 483 N.E.2d at 1275-76.

The same can be said here. Defendant was engaged in a lawful business and the planned expansion of his hog farm was put on hold at plaintiff's behest. A party should not be able to throw up a legal roadblock in the path of another's business without the adversely affected party having the opportunity to seek financial recourse if it is found to have been wrongfully impacted. To do otherwise would indeed invite spurious, vindictive, or spiteful litigation.

Defendant is entitled to damages for being wrongfully enjoined here. On remand, the trial court is to allow defendant the opportunity to prove any damages he incurred as a result of the preliminary injunction.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand with directions.

Reversed and remanded with directions.

STEIGMANN and APPLETON, JJ., concur.